[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In his single assignment of error, defendant-appellant, Theodore Sloan, challenges the determination of the trial court, following a hearing, that he is a sexual predator, claiming that there was insufficient evidence to support the adjudication. We disagree.
Sexual-predator proceedings under R.C. Chapter 2950 are civil in nature.[1] Accordingly, our review centers on whether the trial court's adjudication was supported by some competent, credible evidence going to the essential elements of the case.[2] At a sexual-predator hearing, the state has the burden to show, by clear and convincing evidence, that the offender has been convicted of or pleaded guilty to a sexually-oriented offense and is likely to engage in the future in one or more sexually-oriented offenses.[3] When determining whether an offender is a sexual predator, the trial court may rely on reliable hearsay, such as a presentence-investigation report.[4]
The record before the trial court in this case included the report from the institution where Sloan was incarcerated, as well as the transcript of Sloan's trial. It is uncontroverted that, in 1980, Sloan broke into the victim's apartment while she was asleep and beat her on the head with a glass bottle, killing her. Sloan also raped the victim and took money from her purse. Sloan was apprehended two years later, after he had been caught in the act of burglarizing another residence where a young woman was sleeping in the basement. Sloan was convicted of aggravated burglary, aggravated robbery, aggravated murder and rape. He is currently serving a life sentence.
Although Sloan's record from the institution reflects that he has completed courses on anger management, compulsive behavior and decision-making, it also includes these statements from Sloan's therapists:
[Sloan] failed to work on personal issues. Repeatedly and throughout the program Mr. Sloan manipulated the group members, avoided commitment to adhering to program standards, [sic] and failed to enter into a therapeutic relationship with group members or staff. At termination of group therapy[,] Mr. Sloan had made questionable inner change and continued to avoid commitment to the therapeutic element of the program. He has been able to complete academic work, but has failed to apply much of the cognitive restructuring skills to himself. Mr. Sloan has been recommended and encouraged to attend one year of aftercare.
We conclude that the state's evidence that Sloan had failed to cooperate and thus benefit from group therapy, combined with the cruelty displayed in Sloan's beating and killing of the victim, and the predatory aspects of his early-morning entry into the home of a stranger, was sufficient to support the trial court's finding that Sloan, a sexually-oriented offender, is likely to commit another sexually-oriented offense. Therefore, the judgment of the court of common pleas adjudicating Sloan a sexual predator is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Doan and Winkler, JJ.
[1] State v. Lance (Feb. 13, 1998), Hamilton App. Nos. C-970282, C-970283, and C-970301, unreported.
[2] C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578, syllabus.
[3] R.C. 2950.09(B)(3).
[4] State v. Cook (1998), 83 Ohio St.3d 404, 426, 700 N.E.2d 570,587.